**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| FRANCISCO ALCIDEX TEJADA RAMOS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No.: 3:26-cv-00768-CB |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN, MOSHANNON VALLEY | ) | Chief Judge Cathy Bissoon |
| PROCESSING CENTER, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## <u>ORDER</u>

The Court hereby DENIES Petitioner's Motion for a Temporary Restraining Order (TRO) (Doc. 2).

Petitioner represents that he is a Salvadoran citizen currently detained at the Moshannon Valley Processing Center ("Moshannon") who was arrested on March 6, 2026, after residing in the United States for over a decade. <u>See</u> Pet. for Habeas Corpus (Doc. 1) at 1, 3–4. On April 24, 2026, Petitioner filed both a Petition for Writ of Habeas Corpus (Doc. 1) and a Motion for TRO (Doc. 2). Substantively, Petitioner challenges his continued detention pending removal proceedings without a bond hearing under 8 United States Code Section 1226 and the Due Process Clause of the Fifth Amendment. <u>See</u> <u>id.</u> at 6–7. Petitioner highlights his lack of criminal history, community ties to United States citizen nephews, stable employment in the United States, and provision of financial support to his ailing 80-year-old mother. <u>See</u> <u>id.</u> at 4–5. Petitioner also alleges that Respondents' medical neglect in response to complications Petition his tooth extraction violates Fifth Amendment due process. <u>See</u> <u>id.</u> at 7.

1

Petitioner's Motion seeks: (1) a TRO enjoining Respondents from transferring Petitioner from Moshannon or "taking any action to remove or deport" him, pending resolution of his Petition; and (2) an order setting a hearing on his Petition within five days, pursuant to Title 28, United States Code Section 2243.  Mot. for TRO (Doc. 2) at 5.  Similarly,  the Petition itself includes requests for (among other relief): (1) a TRO "enjoining Respondents from transferring, removing, or deporting" him, pending resolution of the Petition; and (2) an order requiring Respondents within three days to show cause "why a writ of habeas corpus should not be granted" and "setting a hearing on [the] petition within five (5) days of the return."  Doc. 1 at 7.

First, Petitioner has not demonstrated such immediate and irreparable injury to justify the issuance of a TRO before notice to the government or an opportunity to be heard in opposition. See Fed. R. Civ. P. R. 65(b) (authorizing TROs without notice if the facts "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition").  Petitioner has indicated only that notice to Respondents would prompt them to transfer or remove him, depriving the Court of jurisdiction to rule on his Petition.  See Doc. 2 at 1.  However, transfer outside this district would not deprive this Court of jurisdiction over his Petition.[1]  See Khalil v. President, United States, 164 F.4th 259, 269–71,

---

[1] Additionally, the Court has doubts as to whether it has jurisdiction to enjoin Respondents from transferring Petitioner to another detention facility.  See 8 U.S.C. § 1252(a)(2)(B)(ii) (("Notwithstanding any other provision of law . . . , including section 2241 of title 28, or any other habeas corpus provision, . . . no court shall have jurisdiction to review . . . any [] decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . .");  8 U.S.C. § 1231(g)(1) ("The Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal.");  Sinclair v. Attorney Gen. of the U.S., 198 F. App'x 218, 222 n.3 (3d. Cir. 2006) (interpreting Section 1231(g)(1) to mean "the place of detention is left to the discretion of the Attorney General");  Calla-Collado v. Attorney Gen. of the U.S., 663 F.3d 680, 685 (3d Cir. 2011) ("ICE 'necessarily has the authority to determine the location of detention of an alien in deportation

273 (3d Cir. 2026) (holding that habeas jurisdiction remains with the district of the detainee's confinement at the time of filing, regardless of subsequent transfer of the detainee out of the district or amendment of the petition).  Nor does it appear that Respondents could immediately remove Petitioner, given the posture of his removal proceedings.[2]

Moreover, Petitioner's Motion for TRO seeks only the same substantive relief already sought in his Petition.  As such, the Court finds no reason to entertain it separately.  The Court promptly will consider this relief when determining the merits of the Petition on an expedited case management schedule and finds no reason to issue a TRO as well.

IT IS SO ORDERED.

April 30, 2026                                           s/Cathy Bissoon
                                                        Cathy Bissoon
                                                        Chief United States District Judge

cc (via First Class U.S. Mail):
Francisco Alcidex Tejada Ramos
A# 221-492-879
Moshannon Valley Processing Center
SPECIAL MAIL OPEN ONLY PRESENCE OF INMATE
555 GEO Drive
Philipsburg, PA 16866

---

proceedings . . . and therefore, *to transfer* aliens from one detention center to another.'" (emphasis added)).

[2] At the time of his filing, which was received on April 24, 2026, Petitioner indicated he would have a preliminary master calendar hearing in immigration court on April 22, 2026. See Doc. 1 at 5.  At the time of this ruling, however, the Executive Office for Immigration Review's case status page appears to reflect that Petitioner was granted voluntary departure on April 29, 2026, which would afford him some amount of time to leave the country on his own. See 8 U.S.C. § 1229c(b)(2) ("Permission to depart voluntarily under this subsection shall not be valid for a period exceeding 60 days.").  If this is indeed the case, his Petition and pending Motion for TRO are potentially moot.

3