**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

FRANCISCO ALCIDEX TEJADA RAMOS,    )
    )
        Petitioner,    )    Civil Action No.: 3:26-cv-00768-CB
    )
    v.    )
    )
WARDEN, MOSHANNON VALLEY    )    Chief Judge Cathy Bissoon
PROCESSING CENTER, et al.,    )
    )
        Respondents.    )

**ORDER**

As outlined in the Court's previous Order (Doc. 7), Petitioner alleges that he is a

Salvadoran citizen who has been detained without a bond hearing at the Moshannon Valley

Processing Center ("Moshannon") since his arrest on March 6, 2026, after residing in the country

for over a decade.  See Pet. (Doc. 1) at 1, 3–5.  He has community ties to United States citizen

nephews, long-term employment, no criminal record and an ailing 80-year-old mother for whom

he is the sole financial provider.  See id. at 4–5.

In summary, Petitioner asks that the Court: (1) "enjoin[] Respondents from transferring,

removing, or deporting" him, pending resolution of his Petition; (2) order Respondents to show

cause within three days "why a writ of habeas corpus should not be granted" and "setting a

hearing on [the] petition within five (5) days of the return;" (3) declare that Petitioner's

continued detention violates 8 U.S.C. § 1226(a) and the Due Process Clause of the Fifth

Amendment and order Respondents to immediately release him; (4) in the alternative, order

Respondents to provide Petitioner with a bond hearing; and (5) award reasonable attorney's fees.

See Doc. 1 at 7–8.

1

Respondents rely on decisions by the Fifth and Eighth Circuits to argue that Petitioner's detention is authorized under 8 U.S.C. § 1225(b)(2)(A), which mandates detention without a bond hearing pending resolution of removal proceedings for "applicant[s] for admission" who are also "seeking admission." See Resp. (Doc. 9) at 5 (alleging that Petitioner is both an "applicant for admission" and "seeking admission" because he entered without inspection); 8 U.S.C. § 1225(b)(2)(A); Buenrostro-Mendez v. Bondi, 166 F.4th 494, 503 (5th Cir. 2026); Avila v. Bondi, 170 F.4th 1128, 1134 (8th Cir. 2026). This Court has considered and rejected this interpretation of § 1225(b)(2)(A), instead joining the Second, Sixth, and Eleventh Circuits in holding that this mandatory detention provision only applies to noncitizens apprehended upon entry into the country or shortly thereafter. See Tejeda Perez v. Oddo, No. 3:26-cv-00745, Order (Doc. 8), at 5, May 28, 2026; Cunha v. Freden, 175 F.4th 61, 69, 74–75 (2d Cir. 2026); Lopez-Campos v. Raycraft, Nos. 25-1965/1969/1978/1982, 2026 WL 1283891, at *2, *4 (6th Cir. May 11, 2026) (slip copy); Hernandez Alvarez v. Warden, No. 25-14065, No. 25-14075, 2026 WL 1243395, at *13 (11th Cir. May 6, 2026) (slip copy). Petitioner, who was apprehended over ten years after entering the country, is subject instead to the discretionary detention provisions of 8 U.S.C. § 1226(a) and entitled to a bond hearing.

However, the Court lacks authority to enjoin Petitioner's transfer or entry of an order of removal against him. See Order (Doc. 7), at 2, Apr. 30, 2026; Sanchez Colina v. Warden of Moshannon Valley Processing Center, No. 3:25-cv-556, 2025 WL 4708724, at *2 (W.D. Pa. Dec. 23, 2025) (slip copy); 8 U.S.C. § 1252(b)(9) ("[N]o court shall have jurisdiction, by habeas corpus . . . , to review . . . questions of law or fact" or a final order "arising from any action or

proceeding brought to remove a [noncitizen][1] from the United States"); <u>Khalil v. President</u>, 164 F.4th 259, 274 (3d Cir. 2026) (holding that § 1252(b)(9) bars habeas claims which courts could "'meaningfully' review through the PFR ['petition for review'] process" on appeal).

To the extent Petitioner requests relief related to the conditions of his confinement, the record contains insufficient facts for the Court to find that transfer or release is warranted at this time.  <u>See</u>, <u>e.g.</u>, <u>Camacho Lopez v. Lowe</u>, 452 F. Supp. 3d 150, 159, 161–62 (M.D. Pa. 2020) (explaining that "certain extraordinary conditions of confinement may warrant a habeas remedy" in the immigration detention context, such as where: the petitioner "has a serious medical need; . . . respondents know, or should know, of that need; . . . they are consciously disregarding it;" and "release is necessary to secure appropriate medical treatment" (citing <u>Natale v. Camden Cnty. Corr. Facility</u>, 318 F.3d 575, 582 (3d Cir. 2003); <u>Woloszyn v. Cnty. of Lawrence</u>, 396 F.3d 314, 320–21 (3d Cir. 2005))).

Therefore, the Court hereby GRANTS Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) to the extent that it requests a bond hearing in accordance with 8 U.S.C. § 1226(a) and all related provisions of law.  The Court hereby ORDERS Respondents to provide Petitioner with such a hearing or release him on or before June 22, 2026.[2]  On or before June 26, 2026, Respondents shall provide notice to this Court confirming that they have provided Petitioner with a compliant bond hearing and apprising the Court of its outcome.  IT IS FURTHER

---

[1] The Court uses the word "noncitizen" here in place of the word "alien," which is defined as "any person not a citizen or national of the United States."  8 U.S.C. § 1101(3).

[2] The Court acknowledges that at the time of this ruling, the Executive Office for Immigration Review's case status page appears to reflect that Petitioner was granted voluntary departure on April 29, 2026, and his Petition consequently may be moot.  <u>See</u> 8 U.S.C. § 1229c(a)(1), (b)(1) (affording noncitizens the opportunity "voluntarily to depart . . . in lieu of . . . or prior to the completion of [] proceedings" or "at the conclusion of a proceeding under section 1229a of this title").  No confirmation of mootness appears on the record.

3

ORDERED that any motion for fees or costs shall be submitted on or before June 29, 2026, with responses, if any, due 14 days following that motion.  The Court DENIES the Habeas Petition (Doc. 1) in all other respects, without prejudice to refiling regarding ongoing conditions of confinement.

     IT IS SO ORDERED.


June 15, 2026                                                    s/Cathy Bissoon
                                             Cathy Bissoon
                                             Chief United States District Judge


cc (via First Class U.S. Mail):
Francisco Alcidex Tejada Ramos
A# 221-492-879
Moshannon Valley Processing Center
SPECIAL MAIL OPEN ONLY PRESENCE OF INMATE
555 GEO Drive
Philipsburg, PA 16866